### ROBINSON v. S. & B. LEDERER CO. et al.

#### (Circuit Court, D. Rhode Island. June 10, 1905.)

#### No. 2,667.

PATENTS—ANTICIPATION—SWIVEL.

> The Robinson patent, No. 452,320, for an improved swivel hook, *held* not anticipated, valid, and infringed, and the patentee not barred from relief by laches, on a motion for preliminary injunction.

In Equity. On motion for preliminary injunction.

Ellis Spear, Jr., for complainant.
Horatio E. Bellows, for defendants.

BROWN, District Judge. The letters patent in suit (No. 452,-320, to E. L. Robinson, dated May 12, 1891) are for an improvement in swivels. It is admitted that the defendants make swivels exactly like that described in the patent. The defendants insist that the complainant is estopped by his laches from seeking relief, and that the patent is invalid by reason of anticipation by prior patents, and by swivels made by these defendants before the date of the patent in suit.

We will consider first the affidavits as to anticipation by these defendants. B. B. Lederer testifies that in 1886 George H. Evans, a swivel maker employed by S. & B. Lederer, showed him samples of a swivel having a flat two-armed V-spring and a blind pivot, similar in every respect to the swivel set forth in the patent in suit, and informed him that he had applied or was about to apply for a patent thereon; that the device sufficiently interested him to give Evans permission to try their manufacture in the shop of S. & B. Lederer as early as 1887. He produces also an exhibit (Defendants' V-Spring Swivel) and certain tools which he contends were used

in his factory in 1889 or prior thereto. He admits that the defendants have purchased swivels of the complainant. S. L. Lederer testifies that as early as 1887 the firm were manufacturing swivels similar to that identified as Defendants' Exhibit V-Spring Swivel, and produced as one of the first swivels made by the firm of S. & B. Lederer. Nathan B. Evans testifies that in 1886 his brother, George H. Evans, made a model of a swivel similar to the swivel marked "Defendants' Exhibit V-Spring Swivel," and applied in said year for letters patent therefor. William J. Thompson testifies that he witnessed the making of swivels similar to the Defendants' Exhibit V-Spring Swivel; "that in the spring of 1886 George H. Evans entered the employ of the firm of S. & B. Lederer, and that a few months thereafter deponent noticed swivels of the character above identified being manufactured at the Lederer factory; that deponent's interest in this swivel was emphasized by frequent conversations with George H. Evans, who talked a great deal about his new swivel." Edgar A. Mowry testifies that Evans, in an interview, alleged that he had been for a long time successfully making for S. & B. Lederer swivels containing a V-shaped spring, and desired to make such swivels for the deponent's firm.

Upon the whole evidence, there can be no doubt that the defense of anticipation by the defendants rests upon swivels made in consequence of suggestions of Evans. The defendants do not fortify their testimony by any evidence as to the application by Evans for letters patent.

The complainant, however, introduces a copy of the application of Evans for letters patent, filed October 19, 1886. While this application shows a V-spring swivel, it is very clear that it does not show the features described and claimed in the patent in suit. It follows, therefore, upon the evidence submitted, that the defendants' Exhibit V-Spring Swivel does not conform to the description of the swivel which Evans sought to patent. Upon this condition of proof, I can attach little weight to the contention that the patent in suit was anticipated by the manufactures of the defendants. Moreover, testimony as to the character of the defendants' exhibit, and an inspection of that exhibit, tend to throw additional doubt upon it as a sample of what was produced in defendants' factory during the time of Evans' employment. In view of the explicit statements by both B. B. and S. L. Lederer as to the exact conformity of the article made by them with that described in the patent in suit, and of the apparent inaccuracy of that statement in view of the testimony as to Evans' connection with the manufacture, I cannot accept as sufficient their affidavits to the effect that they had asserted the invalidity of the Robinson patent. The defense of anticipation by the defendants, and acquiescence by the patentee in infringement by these defendants, in my opinion, is not sufficiently made out for the purposes of the hearing on this petition.

Certain prior letters patent are produced by the defendants to show anticipation, or the lack of patentable novelty: No. 337,908, to W. F. Whiting, dated March 16, 1886; No. 299,336, to D. F. Briggs, dated May 27, 1884; No. 348,811, to A. Abrahams, dated

September 7, 1886; No. 39,659, to O. S. Judd, dated August 25, 1863; No. 55,563, to R. L. Webb, dated June 12, 1866; No. 155,843, to W. E. Sparks, dated October 13, 1874; No. 286,739, to E. H. Smith, dated October 16, 1883; No. 322,438, to J. Gibbons, dated July 21, 1885. While these patents are sufficient to show that the patent in suit is narrow in scope—involving, perhaps, no important novelty in the mechanical principles of operation—they do not seem to me sufficient to show that the patent is not valid, as showing an improved construction, which combines simplicity, durability, and cheapness. In fact, they tend to show that the patentee succeeded in accomplishing by few and simple means what others had accomplished by means less simple and practical. Regarding the invention as dealing with the problems of practical manufacture, rather than as the solution of any novel mechanical problem, I do not think that the prior patents are sufficient to overcome the presumption of validity. While the patent has not been sustained by prior adjudication, there is evidence of general acquiescence for about 14 years.

Under these circumstances, a preliminary injunction may issue.